UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW T. TRACHIER,<br><br>        Plaintiff,<br><br>v.<br><br>ACCOUNT DISCOVERY SYSTEMS, LLC,<br><br>        Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:18-cv-04473<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ANDREW T. TRACHIER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

1

4. Plaintiff is a 27 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency that "work[s] on behalf of [its] clients to recover their debts for them."[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 11 Pinchot Court, Suite 110, Amherst, New York.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect on a debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, the subject debt arose after Plaintiff defaulted on obligations owed in connection with the purchase of a car Plaintiff financed several years ago.

10. Beginning in approximately the fall of 2018, Plaintiff began receiving calls to his cellular phone, (713) XXX-6208, as well as written correspondences, from Defendant attempting to collect upon the subject debt.

11. Defendant mainly calls Plaintiff's cellular phone using the number (713) 489-3359, but upon belief, it may have used other numbers as well.

12. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activities.

---

[1] https://accountdiscoverysystems.com/

2

13. When Plaintiff first spoke with Defendant, Plaintiff was informed that Defendant had purchased the debt from Security Services Federal Credit Union ("SSFCU") and that, if Plaintiff did not make payments on the subject debt, Defendant would contact Plaintiff's employer about the debt and would file a lawsuit against Plaintiff.

14. In response, Plaintiff asked for a letter regarding the debt, but Defendant advised that it would not send him anything in the mail until he set up payment arrangements.

15. At the same time, Defendant reiterated its threats of filing a lawsuit against Plaintiff and that Plaintiff's employer would be contacted in the event Plaintiff did not enter a payment arrangement.

16. Thereafter, feeling threatened by the nature of Defendant's representations, Plaintiff entered into a payment arrangement with Defendant to address the subject debt.

17. However, upon further reflection and research into the nature of certain debt collection scams and the nature of Defendant's collection efforts, Plaintiff took steps to stop the scheduled payment to Defendant, fearing that Defendant's collection efforts were the result of a scam.

18. In addition to the conversations Plaintiff had with Defendant, Plaintiff also received a collection correspondence ("subject correspondence") from Defendant attempting to collect upon the subject debt. *See* Exhibit A, Subject Correspondence.

19. The subject correspondence provides that the "Current Creditor" of the subject debt is "Cascade Capital, LLC" ("Cascade"), and that the "Balance" of the subject debt is $18,787.96. *See* Exhibit A.

20. The subject correspondence goes on to state:

> Pursuant to our discussion and our client's approval this letter will serve as official notification that this office is authorized to accept the sum of $18,787.96 as payment in full on the outstanding balance for the above referenced account on the conditions outlined below.

3

*See* Exhibit A.

21. Thereafter, the subject correspondence states:

> Upon receipt of <u>cleared</u> funds, your account will be considered paid in full. Each payment must be received in our office no later than the close of business on the date indicated below. If payments are not received in the indicated amounts and on or before the due date, this offer is hereby revoked and Account Discovery Systems, LLC is under no further obligation to honor the terms of this offer.

*See* Exhibit A (emphasis in original).

22. Below the above referenced portion of the subject correspondence, there are six due dates listed, each requiring payments of $51.92.

23. Frustrated, scared, and confused by the nature of Defendant's collection efforts, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.   **Violations of FDCPA § 1692d**

4

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Defendant violated § 1692d through its harassing behavior in threatening to contact Plaintiff's employer regarding the subject debt. At the time Defendant made this threat, there would have been no legitimate purpose Defendant could have had to contact Plaintiff's employer regarding the subject debt. By making these undue threats, Defendant engaged in conduct which had the natural consequence of harassing Plaintiff.

31. Defendant further violated § 1692d when it abusively threatened to sue Plaintiff to collect upon the subject debt. This threat was idly made with the intention that Plaintiff would succumb to the harassing conduct and make payment to Defendant.

    b.  **Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

5

34. Defendant violated § 1692e, e(4), e(5) and e(10) through its repeated threats to initiate legal action and contact Plaintiff's employer regarding the subject debt. Defendant made these threats absent the lawful ability to do so and absent the intent to follow through. As stated in the subject correspondence, Cascade is the current creditor of the subject debt. As such, Cascade, rather than Defendant, would be the only entity that could legally take action against Plaintiff on the subject debt. Defendant's representations to the contrary demonstrate the falsity of such representations and, by extension, demonstrate Defendant's violations of the FDCPA. Bolstering this conclusion is the notion that Defendant, in its capacity as a third party debt collector, "[does] not take any legal actions on the clients' behalf."[2] Therefore, Defendant repeatedly made false threats about its lawful ability, and intent, to initiate legal proceedings against Plaintiff and to contact Plaintiff's employer regarding the subject debt.

35. Defendant further violated § 1692e and e(10) through the misleading and confusing nature of the payment arrangements outlined in the subject correspondence. The subject correspondence first advises that Defendant's client – Cascade – has authorized the payment of $18,797.96 as payment in full "on the conditions outlined below." The letter then states "[u]pon receipt of cleared funds, your account will be considered paid in full." Later, the correspondence stats "[i]f payments are not received by the indicated amounts and on or before the date due, this offer is hereby revoked . . ." The letter then indicates six dates of payment, each payment to total $51.92, for a total of $311.52. Taking the above portions of the letter in combination, the deceptive and misleading nature of the subject correspondence become clear. An unsophisticated consumer reading the letter would be confused as to the total amount he would have to pay in order to address the subject debt. Such consumer might believe that he is obligated to pay the full $18,787.96 broken up into

---

[2] https://accountdiscoverysystems.com/

installments. At the same time, a consumer reading the letter could reasonably believe that six payments of $51.92 would address the subject debt, given the subject correspondence's suggestion that adhering to the payment schedule outlined would result in the subject debt being considered paid in full. "A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006). In the instant matter, the subject correspondence can be reasonably read to have two different meanings, one of which is inaccurate, and thus violates the FDCPA.

36. Defendant further violated § 1692e, e(2), and e(10) when it obfuscated the nature of its role as a third party debt collector in its communications with Plaintiff. Although the subject correspondence outlines that Cascade is the current creditor, Defendant's representation to Plaintiff that it bought the subject debt (which occurred prior to Plaintiff receiving a correspondence from Defendant) demonstrates a deceptive representation made to Plaintiff as to the true holder of the subject debt. Defendant's misrepresentation in this regard is reinforced by the portion of the subject correspondence which states that "Account Discovery Systems, LLC is under no further obligation to honor the terms of this offer," as such a statement suggests Defendant, rather than Cascade, controlled whether to honor the terms of the offer. Through these representations, Defendant falsely and deceptively suggested to Plaintiff that it was the owner of the subject debt even though it was not.

  c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f through its unfair and unconscionable threats of taking legal action and contacting Plaintiff's employer regarding the subject debt. Such threats, made absent

7

the ability to carry them out, are inherently unfair and unconscionable means utilized by Defendant to instill a sense of fear in Plaintiff to address the subject debt.

WHEREFORE, Plaintiff ANDREW T. TRACHIER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 27, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
Federal I.D. No. 3098183                                      Federal I.D. No. 3098150
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Southern District of Texas                    Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com